UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COPIER AUDIT LLC., | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:16-cv-00640 |
| -against - | ) | |
| WESTERN CONNECTICUT HEALTH NETWORK, INC., | ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) | APRIL 25, 2016 |

## COMPLAINT

**FIRST CLAIM FOR RELIEF, BREACH OF CONTRACT**

1.    At all times relevant hereto, Plaintiff, Copier Audit LLC ("CA"), was a limited liability corporation organized and existing under the laws of the State of Florida, having its principal place of business at 41 Indian Creek Drive, Miami, Florida.

2.    At all times relevant hereto, Defendant, Western Connecticut Health Network, Inc. ("WCHN"), was a corporation organized and existing und the laws of the State of Connecticut, having its principal place of business at 24 Hospital Avenue, Danbury, Connecticut 06810.

3.    The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and the instant action is between citizens of different states.

4.   This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332.

5.   Venue is appropriate in this District under 28 U.S.C. §1391.

6.   This claim for relief arises out of a contract dated September 17, 2012 between WCHN and CA (the "Client Agreement").

7.   At some point in the Fall of 2012, CA and WCHN entered into conversations regarding CA providing WCHN with a plan to significantly reduce WCHN's copying and printing costs.

8.   Those conversations ripened into the Client Agreement, pursuant to which CA was to perform an audit of WCHN's current document expenses for all copiers, multi-functional devices and printers ("document expenses"), and make recommendations to secure savings for WCHN with respect to its future document expenses.

9.   Under the terms of the Client Agreement, CA was to be paid 20 per cent of the amount by which it was able to reduce WCHN's document expenses by way of prospective costs and retroactive credits.

10.  Under the Client Agreement, CA was to perform an audit of WCHN's current document expense costs for all copiers, multi-functional devices and printers, including billing, pricing and utilization, and make recommendations that would ensure savings going forward (the "audit").

11.  The Client Agreement provided that CA "earns its fee upon the completion of its audit."

12.  Pursuant to the Client Agreement, CA (a) assembled information regarding WCHN's copiers, multifunctional devices, and printers; (b) ran cost analyses regarding prospective savings; and (c) advised WCHN of the amount that could be saved upon implementation of its recommendations.

13.  In further performance of its obligations under the Client Agreement, CA was engaged in taking appropriate steps to implement its recommendations when, on or about December 5, 2012, WCHN purported to immediately terminate the Client Agreement by way of its emailed letter dated December 4, 2012.

14.  Under the terms of the Client Agreement, either party had the right to terminate the Client Agreement with or without cause, but only upon 60 days prior notice.  No such notice was provided by WCHN.

15.  Following WCHN's purported immediate termination of the Client Agreement, CA attempted to continue its performance under the Client Agreement.  All such efforts were ignored.

16.  In issuing its purported "immediate" termination of the Client Agreement, WCHN was in breach of the Client Agreement.

17.  Upon information and belief, and in spite of its purported immediate termination of CA, WCHN thereafter

3

implemented some or all of the recommendations made by CA, realizing substantial savings.

18.   On numerous occasions following WCHN's purported immediate termination of the Client Agreement, CA requested information from WCHN to determine the amount due and owing from WCHN to CA.  All such requests were ignored.

19.   Under the terms of the Client Agreement, CA is entitled to 20% of the savings realized by WCHN as a result of the implementation of CA's recommendations for the duration of any contract signed by WCHN with vendors, but not to exceed a contract period of five years.

20.   Additionally, under the terms of the Client Agreement, CA is entitled to 20% of all savings realized by WCHN resulting from refunds for overpayments, contract compliance refunds, and other savings that it achieved for WCHN.

21.   Upon information and belief, as a result of WCHN's breach of the Client Agreement, CA has been damaged in an amount of approximately $1,200,000.

**SECOND CLAIM FOR RELIEF, PROMISSORY ESTOPPEL**

1. - 21.  Plaintiff, CA, repeats and re-alleges each allegation of paragraphs 1. - 21. above of its First Claim for Relief as if set forth herein in this Second Claim for Relief in full.

4

22.  In performing its audit and providing its recommendations to WCHN, CA justifiably relied upon WCHN's promise that it would be compensated for the work CA would perform with its proprietary knowledge.

23.  Because CA provided WCHN with the benefits of its audit, it would be unjust to permit WCHN to retain the benefits of that audit without appropriate compensation being paid to CA.

**THIRD CLAIM FOR RELIEF, QUANTUM MERUIT**

1. - 21.  Plaintiff, CA, repeats and re-alleges each allegation of paragraphs 1. - 21. above of its First Claim for Relief as if set forth herein in this Third Claim for Relief in full.

22.  WCHN knowingly accepted the services of CA, having represented that CA would be compensated therefor.

23.  Having made such representations, WCHN promised to pay CA for the services rendered.

24.  CA provided the services it had represented it would provide prior to the purported termination of the parties' relationship.

25.  As set forth above, in spite of numerous demands, WCHN has refused to pay CA the sums due.

**FOURTH CLAIM FOR RELIEF, UNJUST ENRICHMENT**

1. - 21.  Plaintiff, CA, repeats and re-alleges each allegation of paragraphs 1. — 21. above of its First Claim for Relief as if set forth herein in this Fourth Claim for Relief in full.

22.  WCHN received the benefits of CA's audit, but unjustly has not paid, and continues to refuse to pay for such benefits.

23.  As a result of WCHN's refusal to pay, CA has sustained damages.

Therefore, Plaintiff, Copier Audit LLC, demands judgment with respect to each of the above claims as follows:

1.    An accounting;

2.    Monetary damages;

3.    Prejudgment interest; and

4.    Such other and further relief as this Court deems appropriate.


Dated: April 25, 2016                PLAINTIFF COPIER AUDIT, LLC
       Danbury, CT

                              /s/ Daniel E. Casagrande
                              Daniel E. Casagrande(ct 01795)
                              Cramer & Anderson LLP
                              30 Main Street, Suite 204
                              Danbury, CT 06810
                              Telephone: 203-744-1234
                              Facsimile: 203-730-2500
                              Email: dcasagrande@crameranderson.com